IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 20, 2023 Session

## TENNESSEE FARMERS MUTUAL INSURANCE v. WILLIAM MAX RIDEN

**Appeal from the Circuit Court for Hamilton County**
**No. 20C282            Kyle E. Hedrick, Judge**

_____

**No. E2023-00932-COA-R3-CV**

_____

The notice of appeal filed by the appellant, William Max Riden, stated that appellants were appealing the judgment entered on May 24, 2023. As the order appealed from does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J.; JOHN W. MCCLARTY, J.; and KRISTI M. DAVIS, J.

Bryan H. Hoss, Chattanooga, Tennessee, for the appellant, William Max Riden.

Michael R. Campbell, Chattanooga, Tennessee, for the appellee, Tennessee Farmers Mutual Insurance Company (Columbia Ofc).

**MEMORANDUM OPINION[1]**

The appellant, William Max Riden ("Appellant"), filed a notice of appeal with this Court on June 22, 2023, which states that Appellant is appealing the May 24, 2023 order of the Hamilton County Circuit Court ("trial court"). In the May 24, 2023 order within the record, the trial court granted partial summary judgment determining that the defendant's act of shooting the driver of another vehicle was an "intentional act" and, therefore, excluded from

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

coverage under the insurance policy. However, the trial court denied summary judgment as to the claim regarding whether the defendant's act of leaving the scene in his automobile is excluded under the insurance policy as a matter of law, finding that "there are several remaining questions of fact with respect to claims arising from the operation of the truck." As such, Appellant's claim regarding whether the defendant's act of leaving the scene of the incident qualifies as an "intentional act" under the insurance policy remains pending.

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court directed the appellants to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that there was no final judgment from which an appeal as of right would lie. Appellant failed to respond to this Court's show cause order.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

"Except where otherwise provided, this Court only has subject matter jurisdiction over final orders." *Foster-Henderson v. Memphis Health Center, Inc*., 479 S.W.3d 214, 222 (Tenn. Ct. App. 2015). As the order appealed from does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. Costs on appeal are taxed to the appellant, William Max Riden, for which execution may issue.

**PER CURIAM**